IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOMINIC SAAVEDRA,

    Petitioner,

v.                                                                 No. 22-cv-00959-KWR-LF

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DIRECTING AMENDMENT AND TO CLARIFY CLAIMS**

**THIS MATTER** is before the Court on Petitioner Dominic Saavedra's Letter, filed December 16, 2022. (Doc. 1). Saavedra is a federal prisoner. He is proceeding *pro se*. Saavedra seeks some type of sentence modification or reduction but does not identify grounds for relief. Saavedra will therefore be required to clarify his claims and requested relief by filing an amended pleading in this or his criminal case, as appropriate.

**Background**

Saavedra was convicted in 2012 of being a felon in possession of a firearm and ammunition, possession with intent to distribute heroin, and possessing and carrying a firearm in connection with a drug trafficking crime. Case 11-cr-2014-WJ (Doc. 107). The presiding judge in the criminal trial (Hon. Bruce D. Black) sentenced Saavedra to 488 months in prison. (Doc. 107 at 3). Saavedra appealed and the Tenth Circuit affirmed his conviction. Case 11-cr-2014-WJ (Doc. 122). Saavedra filed a habeas motion seeking relief under 28 U.SC. § 2255 and the Court denied the motion on the merits. Case 11-cr-2014-WJ (Doc. 127 (motion); Doc. 135 (proposed findings & recommended disposition); Docs 139, 140 (order and judgment). Saavedra appealed the habeas

ruling, and the Tenth Circuit dismissed the appeal. Case 11-cr-2014-WJ (Doc. 148).

In the Letter, Saavedra references his criminal case and seeks to confirm his understanding that pursuant to "new federal laws" governing good time credit, he is entitled to a recalculation of his sentence. (Doc. 1 at 1). He explains that he has stepped away from a gang and from the Mexican mafia and now is involved in religion. (Id.). He represents that he has a history of good behavior in prison, that he is in protective custody in the Florida Department of Corrections and will have to remain in protective custody of his life. (Id.). He claims if he is released, he will always be in danger because he removed himself from the gang and mafia. (Id.).

It appears he seeks to prevail on the Court's compassion and/or discretion to reduce his sentence. As an alternative, he requests that the Court place him in BOP custody, as he has is unsafe in his present place of confinement. (Id. at 2). Specifically, he states a preference for placement in federal custody in Tucson, Arizona. (Id.).

Because the Petition does not clarify the legal theory under which Petitioner seeks to proceed, the Court opened the case under 28 U.S.C. § 2241, the "catch-all habeas code[.]" *United States v. Nevarez-Ledezma*, No. CR 19-1379 KG, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021); *see Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (recognizing that "saving clause" of § 2255(e) allows a federal prisoner to file an application for habeas corpus under 28 U.S.C. § 2241 if remedy provided by § 2255 is inadequate or ineffective"); *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (same). Having reviewed the Letter sua sponte pursuant to 28 U.S.C. § 1915A, the Court will require Saavedra to clarify his claims by filing an appropriate pleading.

## Discussion

To facilitate Saavedra's ability to clarify his claims and requested relief, the Court provides the following overview of the relevant law governing the forms of relief available to Saavedra to

pursue the potential claims canvassed in his Letter.

### A. <u>28 U.S.C. 2241</u>

Habeas Petitions under § 2241 provide a procedure for prisoners to challenge execution of a sentence. A prisoner seeking to challenge the deprivation of good-time credits, parole procedure, or prison officials' miscalculation of his sentence, for example, may proceed under § 2241. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). To the extent Saavedra's Letter indicates that he intends to challenge the miscalculation of good time credits, he should proceed under § 2241.

Additionally, in limited circumstances, a § 2241 petition may be used to challenge the legality of detention pursuant to the "saving clause" of 28 U.S.C. § 2255(e). The saving clause allows a federal prisoner to file an application for habeas corpus under 28 U.S.C. § 2241 if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *Jones*, 599 U.S. at 474; *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) "To invoke the saving[] clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589 (Emphasis in original)). "Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose." *Jones*, 599 U.S. at 474. "The saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* at 475.

Relief under § 2241 must be sought in the district of confinement. *Jones*, 599 U.S. at 479-

80 (discussing § 2241petitions brought under the saving clause); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (discussing § 2241petitions challenging the execution of a sentence). Saavedra's address of record shows that he is incarcerated in Wakulla Correctional Institution, Crawfordsville, Florida. The United States District Court for the Northern District of Florida would be the appropriate court for Saavedra to file a § 2241 petition. He may do so on his own, using a form provided by this Court. Alternatively, if he files a § 2241 petition in this case, the Court will transfer the matter to the Northern District of Florida if necessary and appropriate.

### B. 28 U.S.C. § 2255

It is also possible that Saavedra seeks relief under § 2255, which allows "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." "A § 2255 petition attacks the legality of a [federal] conviction or sentence[.]" *Purvis v. Wiley*, 214 F. App'x 774, 776 (10th Cir. 2007) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).  As Saavedra's § 2255 motion was denied on the merits in case no. 11-cr-2014-WJ, any prospective § 2255 motion would be Saavedra's second such motion.  By statute, District Courts have jurisdiction over a defendant's first § 2255 motion.  *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008).  After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the District Court.  *Id.*  The failure to obtain such authorization is a jurisdictional defect barring relief.  *See Cline,* 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

Where, a petitioner files a second § 2255 motion without authorization, the District Court

has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Cline,* 531 F.3d at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second or successive motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

If Saavedra chooses to file a § 2255 motion without first seeking permission from the Tenth Circuit to file a second petition, the petition may be subject to dismissal for lack of jurisdiction unless the Petition appear meritorious under the foregoing standards such that the Court would transfer the motion to the Tenth Circuit.

### C.  **18 U.S.C. § 3582**

It is also possible that Saavedra seeks a sentence reduction under § 3582. Generally, "a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (10th Cir. 2012) (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). Congress has provided a limited exception to this rule, allowing sentence modifications under some circumstances where the Defendant qualifies for compassionate release or there is a retroactive modification to the U.S. Sentencing Guidelines. The Court may grant compassionate release if Defendant administratively exhausts his request and three other requirements are met: (1) the court finds that extraordinary and compelling reasons warrant such a reduction; (2) the court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the court considers the factors set forth in § 3553(a), to the extent

that they are applicable. *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). Reductions are also available under § 3582(c)(2) where the sentence is based on a term of imprisonment that is subsequently lowered by the Sentencing Commission if the factors set forth in section 3553(a) support such reduction.

If Saavedra seeks relief as a matter of compassionate release or under new sentencing guidelines, he must file a motion for relief under § 3582 in the criminal case, no. 11-cr-2014-WJ. Likewise, if Saavedra intends to petition the Court regarding a transfer into BOP custody and to a specific prison, he must pursue that form of relief in the criminal case. Such matters are not within the purview of this Court's habeas authority.

## **Conclusion**

**IT IS ORDERED** that within thirty (30) days from entry of this Order, Saavedra must clarify his claims by filing an appropriate habeas petition under § 2241 or § 2254 on a form provided by the Court. Failure to timely comply may result in dismissal of this case without further notice.

**IT IS FURTHER ORDERED** that if Saavedra does not intend to pursue habeas relief in this case because he intends to seek relief in the criminal case or in the district of confinement, he does not need to respond to this Order and the case will be dismissed.

**IT IS FINALLY ORDERED** that together with a copy of this Order, the Clerk's office shall mail Saavedra a blank § 2241 petition and a blank § 2255 motion.

                                                            __/s/_____
                                                            KEA W. RIGGS
                                                            UNITED STATES DISTRICT JUDGE